```
 1                    UNITED STATES DISTRICT COURT
 2                         DISTRICT OF OREGON
 3                         PORTLAND DIVISION
 4

 5  CHRISTIAN P. FINTICS,            )
                                     )
 6              Plaintiff,           )   No. 03:10-cv-01352-HU
                                     )
 7  vs.                              )
                                     )
 8  CAROLYN W. COLVIN[1], Commissioner, )   MEMORANDUM OPINION AND
    Social Security,                 )   ON MOTION FOR 406(b) FEES
 9                                   )
                Defendant.           )
10
                  _____
11

12  James S. Coon
    Swanson, Thomas & Coon
13  820 S.W. Second Ave., Suite 200
    Portland, OR 97204
14
         Attorney for Plaintiff
15

16  S. Amanda Marshall
    United States Attorney
17  Adrian L. Brown
    Assistant United States Attorney
18  1000 S.W. Third Avenue, Suite 600
    Portland, OR 97204-2904
19

20  David Morado
    Regional Chief Counsel, Region X, Seattle
21  Keith Simonson
    Special Assistant United States Attorney
22  Social Security Administration
    Office of the General Counsel
23  1301 Young Street, Suite A-702
    Dallas, TX 75202
24
         Attorneys for Defendant
25
    _____
26
         [1]Carolyn W. Colvin became acting Commissioner of Social
27  Security on February 24, 2013.  Therefore, pursuant to Federal
    Rule of Civil Procedure 25(d), she is automatically substituted
28  for Michael J. Astrue as Defendant in this case.

    1 - MEMORANDUM OPINION AND ORDER
```

HUBEL, United States Magistrate Judge:

The plaintiff Christian Fintics brought this action for judicial review of the Commissioner's decision denying his applications for Disability Insurance ("DI") benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and Supplemental Security Income ("SSI") under Title XVI of the Act. On review, the undersigned found the ALJ had erred in several respects, and remanded the case for further proceedings. Dkt. #33.

The parties stipulated to a fee payment under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), in the amount of $3,018.69, and on May 3, 2012, I entered an order granting EAJA fees in that amount. Dkt. #36.

The matter now before the court is the plaintiff's unopposed motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). Dkt. #40; *see* Dkt. #41, Memorandum in Support. Section 406(b) provides that an attorney who represents a successful claimant in a Social Security action may be awarded, as part of the judgment, "'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 122 S. Ct. 1817, 1822, 152 L. Ed. 2d 996 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)). The attorney's fee "is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'" *Id.* An attorney may receive fees under both EAJA and section 406(b), but the attorney must refund the amount of the smaller fee to the claimant. *Id.* (citation omitted). This ensures the claimant receives the largest possible award of benefits. *Id.*

2 - MEMORANDUM OPINION AND ORDER

The *Gisbrecht* Court observed that contingent fee contracts "are the most common fee arrangement between attorneys and Social Security claimants." *Id.*, 535 U.S. at 800, 122 S. Ct. at 1824 (citation omitted). To prevent an attorney from contracting for an unreasonably large fee, Congress enacted section 406(b) to limit the attorney's fee to 25 percent of the past-due benefits. *Id.*, 535 U.S. at 805, 122 S. Ct. at 1826-27 (discussing the legislative history behind section 406(b)). However, the statute does not mandate that an attorney receive 25 percent of the claimant's past-due benefits. Rather, "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*, 535 U.S. at 807, 122 S. Ct. at 1828. Thus, although the district court must look first to the contingent fee agreement between the attorney and the claimant, the court then must test the fee arrangement for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828).

The amount of the fee may be reduced "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828 (citations omitted). Thus, for example, a reduced fee would be in order "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, *supra*). The

3 - MEMORANDUM OPINION AND ORDER

attorney ultimately "bears the burden of establishing that the fee sought is reasonable." *Id.*

Routine rubber-stamping of the statutory maximum allowable fee is disfavored in these cases. As the Fourth Circuit Court of Appeals observed over forty years ago,

> [J]udges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his [or her] dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the [Social Security] Act for seeing that unreasonably large fees in these Social Security cases are not charged or collected by lawyers.

*Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966)

In the present case, the fee agreement between the plaintiff and his counsel provides for a fee equal to 25 percent of past-due benefits. *See* Dkt. #41-5, ¶ 3(D). Counsel's efforts resulted in an award of $63,256 in past-due benefits, plus ongoing monthly benefits until Fintics reaches retirement age or no longer is disabled. Dkt. #41-2, ECF p. 4; *see* Dkt. ##41-1, 41-2. The contracted-for attorney's fee is based only on the past-due benefits, not any future benefits. Here, the contracted-for fee would be $15,814.25. *Id.* Fintics's counsel seeks $15,814 in fees in the present motion. After refund of the $3,018.69 fee awarded under EAJA, the requested fee would

4 - MEMORANDUM OPINION AND ORDER

result in an out-of-pocket amount for Fintics of $12,795.31, representing 20.2% of his past-due benefits.

The time records submitted with the plaintiff's motion indicate that attorney James Coon expended 17.3 hours in this case. An expenditure of 17.3 hours is lower than the twenty to forty hour range Judge Michael W. Mosman has found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (noting "some consensus among the district courts" on this point; citing cases). Judge Mosman indicated that "[a]bsent unusual circumstances or complexity, . . . this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." *Id.* In the present case, the administrative record was 1,407 pages long. The plaintiff's opening brief was ten pages long, and raised four issues requiring analysis of the evidence and applicable law related to the ALJ's evaluation of the evidence. After review of the Commissioner's twenty-eight-page brief, the plaintiff filed an eight-page reply. The attorneys' time records indicate the time expended by counsel in this case was quite reasonable, and the court so finds.

A fee of $15,814 for 17.3 hours of work would result in an effective hourly rate of $914.10. Counsel inexplicably indicates his fee "works out to $714 per hour." Dkt. #41, p. 3. In arguing the requested fee is reasonable, counsel refers to

5 - MEMORANDUM OPINION AND ORDER

the 2012 Oregon State Bar Economic Survey[2] ("Survey"), sometimes used by judges in this court as a benchmark in determining reasonable hourly rates for attorney fee awards. Counsel states the survey "indicates that the average hourly rate is $308 for attorneys with over 30 years of experience practicing in 'other' areas of private practice in Portland." Dkt. #41, p. 2 (footnote omitted). Counsel misreads the survey, which actually shows the average hourly billing rate for *all* attorneys in the Portland area is $308. For attorneys with over 30 years' experience, the average hourly rate is $340 per hour, with a median rate of $350 per hour. *Compare* Survey at 30 *with* Survey at 33.

Counsel states available data show a 29.68% chance of recovery in Social Security cases overall, nationwide. He argues "a contingency multiplier of 3.37 (100/29.68)" is warranted to make up for the risk of nonpayment in such cases. Dkt. #41, p. 3. He applies the multiplier to the $308 average hourly rate for all attorneys in the Portland area, arriving at "an adjusted rate of $1037.96 per hour." *Id.* Counsel argues his effective hourly rate in this case (which, as noted above, he miscalculates as $714/hour) is "well below the result of the contingency calculation[.]" *Id.*

The undersigned has considered virtually identical arguments made by attorneys seeking section 406(b) fees in previous cases, noting this type of analysis does little to assist the court in

---

[2] *See* http://www.osbar.org/surveys_research/12EconSurvey.html.

6 - MEMORANDUM OPINION AND ORDER

determining the reasonableness of the contracted-for fee equal to 25% of the claimant's past-due benefits. This analysis is based on a lodestar approach, which was "flatly rejected" by the Supreme Court in *Gisbrecht*. *See Crawford*, 586 F.3d at 1148. The *Crawford* court explained that under *Gisbrecht*, the court's duty to assure the reasonableness of the fee "must begin . . . with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." *Id.*, 586 F.3d at 1149. Indeed, the *Crawford* court indicated that "[l]awful attorney-client contingent fee agreements . . . are the 'primary means' by which fees are determined." *Id.*, 586 F.3d at 1150 (quoting *Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828).

The Ninth Circuit has explained, post-Gisbrecht, that "[t]he lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past-due benefits at all." *Crawford*, 586 F.3d at 1149. Nevertheless, Social Security attorneys in this district continue to urge the court to rely on the lodestar calculation.

The court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.*, 586 F.3d at 1151 (emphasis in original; citing *Gisbrecht,* 505 U.S. at 808, 122 S. Ct. at 1828). Factors to be considered in reducing a fee include "substandard performance, delay, or

7 - MEMORANDUM OPINION AND ORDER

benefits that are not in proportion to the time spent on the case." *Id.* Importantly, however, this is not a definitive list of factors the court may consider. For example, the *Crawford* court directed district courts to "look at the complexity and risk involved *in the specific case at issue* [i.e., not in all Social Security cases nationwide] to determine how much risk the [attorney] assumed in taking the case." *Crawford*, 586 F.3d at 1153 (emphasis added).

In the present case, counsel's representation of the claimant was not substandard. He reviewed the administrative record and the Commissioner's arguments thoroughly, and prepared eighteen pages of briefing that ultimately carried the day. The court finds no reduction of the fee is warranted based on counsel's representation. The court also finds counsel did not engage in dilatory conduct in order to increase the accrued amount of past-due benefits, so no downward adjustment is required on that basis. *See Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828.

The court next considers whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989), for the proposition that the "reviewing court should disallow 'windfalls for lawyers'"). The 17.3 hours of work performed by Fintics's counsel resulted in an award of $63,256 in past-due benefits, plus ongoing monthly benefits until Fintics reaches retirement age or no longer is disabled. Counsel will not receive a percentage of Fintics's future benefits that also result from

8 - MEMORANDUM OPINION AND ORDER

counsel's representation. The past-due benefits award of $63,256 represents $3,656.42 per hour of attorney's time expended. In comparison to the amount of time counsel spent on the case, Fintics's past-due benefit award falls in the upper range when compared to recent similar cases in this court. *See, e.g.*, *Province v. Comm'r*, slip op., 2013 WL 3045568, at *2 (D. Or. June 17, 2013) (Marsh, J.) (32 hours; $31,367.20 benefits; $980.23/hour[3]); *Town v. Astrue*, slip op., 2013 WL 2902633 (D. Or. June 11, 2013) (Hernandez, J) (40.8 hours; $55,353 benefits; $1,356.69/hour); *Ali v. Comm'r*, slip op., 2013 WL 3819867 (D. Or. July 21, 2013) (Clarke, MJ) (7 hours; $48,586 benefits; $6,940.87/hour); *Newton v. Colvin*, slip op., 2013 WL 3119564 (D. Or. June 18, 2013) (Simon, J) (21.5 hours; $79,352 benefits; $3,690.79/hour); *Chase v. Comm'r*, slip op., 2013 WL 2032265 (D. Or. May 14, 2013) (Hernandez, J) (139.95 hours; $182,549 benefits; $1,304.39/hour); *Gilbert v. Astrue*, slip op., 2013 WL 453457 (D. Or. Feb. 6, 2013) (Hubel, MJ) (39 hours; $35,857.66 benefits; $919.43/hour); *Kimball v. Astrue*, 2012 WL 5879845 (D. Or. Oct. 16, 2012) (Papak, MJ) (46.55 hours; $75,012 benefits; $1,611.43/hour).

However, in considering the proportionality of the fees requested, the court also factors in the complexity of the case, and counsel's risk of non-payment. As Judge Marsh observed in *Province* 2013 WL 3045568, at *2, "it takes an experienced

---

[3] For ease of comparison, the court has computed the dollar amount of benefits yielded for each hour of attorney time spent in each case (*e.g.*, $31,367.20 in benefits, divided by 32 hours of attorney time, yields $980.23 per hour).

9 - MEMORANDUM OPINION AND ORDER

practitioner and a close examination of the relevant documents and records to effectively identify any insufficiencies in the administrative record." *Id.* Nevertheless, the four issues counsel raised on Fintics's behalf, and the ALJ's errors identified by the court, were not novel or complex questions of law or fact. The case was relatively simple and straightforward, dealing with issues that are fairly routine in these types of cases. The case's simplicity is evidenced by the comparatively low number of hours (17.3) counsel was required to expend in reviewing the record and briefing the issues. The court concludes the requested fee would represent a windfall to the attorney because "the benefits are large in comparison to the amount of time counsel spent on the case [and] a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828 (citation omitted); *see Watters v. Comm'r*, slip op., 2013 WL 1386615 (D. Or. Apr. 3, 2013) (Haggerty, J) (reaching a similar result where counsels' 21.1 hours yielded a past-due benefit award of $68,100.40, or $3,227.51/hour).

After considering all of the relevant factors, the court finds a 17% fee is reasonable in this case. This will result in a fee of $10,753.52, with $7,734.83 actually coming out of Fintics's past-due benefits award (i.e., 12.23% of his past-due benefits).[4]

---

[4] The reduced fee represents an effective hourly rate of $621.59, which is more than twice the $308 average hourly rate for attorneys in the Portland area, and 1.83 times the $340 average hourly rate for attorneys with over 30 years' experience.

10 - MEMORANDUM OPINION AND ORDER

Accordingly, the plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. #41) is **granted in part and denied in part**, and a fee of $10,753.52 is awarded, with the sum of $3,018.69, representing EAJA fees already awarded in this case, to be refunded to the plaintiff.

IT IS SO ORDERED.

Dated this 2nd day of October, 2013.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

11 - MEMORANDUM OPINION AND ORDER